## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Commonwealth of Virginia

v.

Tony Darrell Waites

June 2, 1971

Case No. Cr. 1242

By JUDGE PHILIP L. RUSSO

The defense is relying mainly upon the case of *Adkins v. Commonwealth*, 175 Va. 590 (1940), which among other things, stated as follows:

> A fact once determined by a court of competent jurisdiction in a criminal proceeding cannot again be litigated between the same parties unless a different rule applies in criminal proceedings from that which obtains in civil proceedings, but it is well settled that the rule is the same in both classes of cases.

Counsel for the defendant contends that this is a proposition of law laid down by the *Adkins* case (*supra*) and the attorney for the Commonwealth maintains that this is merely dicta and that the case does not lay down as a proposition of law that res adjudicata applies in criminal cases.

Among other authorities, the attorney for the Commonwealth has cited the case of *Dykeman v. Commonwealth*, 201 Va. 807 (1960). In that case, counsel for Dykeman pleaded double or former jeopardy but did not raise the defense of res adjudicata. The *Dykeman* case (*supra*), therefore, stands for the proposition that reckless driving and involuntary manslaughter are two separate and distinct

offenses and that a trial of a person for involuntary manslaughter after having been acquitted of reckless driving does not constitute double jeopardy. In the opinion of this court, the *Dykeman* case (*supra*) does not deal with the question of res adjudicata since this defense was not raised.

In the instant case, counsel for the defendant has raised both defenses.

The court cannot agree that the aforesaid statement from the *Adkins* case (*supra*) is dicta. It is stated in unequivocal terms and if the court were not relying upon that proposition in arriving at its decision, it would and could have left it out.

This court is of the opinion that in Virginia the defense of res adjudicata applies to criminal as well as civil cases and that the plea is well taken in the instant case and must be sustained. It appears to the court that since it has already been determined by a court of competent jurisdiction that the defendant was not guilty of reckless driving and since involuntary manslaughter carries a burden of proof of recklessness greater than does the charge of reckless driving, that this necessary element has already been adjudicated.